Per Curiam,

— “ We are not called upon now to decide, whether, *149 supposing the attachment not to have been a lien upon the horses, there was a consideration for the note in suit; nor whether the bankrupt law which says that the property of the bankrupt shall be divested from the decree in bankruptcy, means that it shall be divested from the time of filing the petition. The attachment was more than twenty days earlier than the decree in bankruptcy, and hence, may have been levied before the filing of the petition. If it was not so, the defendants should have shown it; as it devolved upon them to impeach the prima facia consideration of the note. Regarding, then, as we must do, that the attachment was older than the proceedings in bankruptcy, it was a lien protected by the bankrupt law, and its release was a good consideration for the note. We are aware that Mr. Justice Story, in the Circuit Court of the United States, in Massachusetts, decided differently, but this decision was overruled by the Supreme Court of Massachusetts in Davenport v. Tilton, 10 Metc. 320; and by the Supreme Court of N. H. in the two cases of Kiltredge v. Warren and Kiltredge v. Emmerson, 1844, and by several of the inferior United States, and State Courts. See 1 Kent’s Comm. 247, n. (6 ed.); also, Lanage v. Best, 3 How. U. S. R. The weight of authority is decidedly in favor of the protection of the lien of the attachment, and it accords with our opinion of the right of the'question.”
Judgment reversed, &c.